■ S. L. GREEN PROPERTIES, INC., v YAGHOUB SHAOUL, Also Known as JACK SHAOUL.—Motion for leave to appeal to the Appellate Division, First Department, from an order of the Appellate Term, First Department, entered on August 25, 1989, unanimously affirming a final judgment of the Civil Court, New York County (Dynda Andrews, J.), entered on May 27, 1988, which, following a trial, awarded petitioner landlord possession of commercial premises in holdover summary proceedings, and for a stay pending appeal, is denied, with costs.

There do not appear to be any meritorious legal issues, questions of fact or matters of public policy involved herein that warrant further appellate review. Indeed, respondent-appellant requests that this court examine his objections concerning the trial court's factual determination, as well as some evidentiary rulings made by the Trial Judge, which have

already been fully considered and rejected by the Appellate Term. Respondent, thus, seeks a second review of the voluminous proof introduced at trial, all of which was essentially submitted to ascertain whether a certain lease extension agreement purportedly executed in May of 1978 was a forgery. The Civil Court, after hearing the evidence in connection with this matter and assessing the credibility of the witnesses, agreed with petitioner's contention that the lease extension was not genuine. Respondent appealed, claiming that the Trial Judge made numerous erroneous evidentiary rulings and that the decision of the court was largely the product of hostility to his counsel. The Appellate Term affirmed the judgment of the Civil Court, holding that the proof introduced at trial was sufficient to support the Judge's determination and that there were no errors requiring a new trial.

In now moving for permission to appeal to this court, respondent, through his attorney, urges that he was deprived of a fair trial because of the "blatant" prejudice of the trial court, which exhibited "a distinct personal dislike for tenant and tenant's counsel and made no attempts to hide this fact", thereby causing the trial to be "riddled by the lower court's unsubtle, blistering and hostile bias toward appellant and his counsel." Accordingly, respondent does not merely dispute the legal propriety of some of the trial court's evidentiary rulings but attacks the underlying motivation of the Judge. In that regard, respondent's assertion of bias and bad faith on the part of the Trial Judge seems to be based primarily, if not almost entirely, on the fact that the court made some unfavorable rulings during the course of the trial and rendered an adverse determination at the conclusion of the trial. It should be noted that while a court's legal and factual findings are always subject to challenge, the practice of impugning without proof the motives of a Judge simply because he or she does not agree with the opinions of one of the parties and/or counsel can only be deplored. Certainly, arguments otherwise lacking in merit do not somehow become meritorious by the inclusion of an accusation of malice against the court. Concur —Milonas, J. P., Rosenberg, Ellerin and Rubin, JJ.